1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RICARDO GARNICA,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No.:  13CV2652 / 11CR4057

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

Before the Court is Ricardo Garnica's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. 2255. (Docket No. 42).[1]  The Government filed a Response.  (Docket No. 48.)  Movant did not file a traverse.  For the reasons stated below, the Motion is **DENIED** and the Court **DENIES** a certificate of appealability.

**BACKGROUND**

On June 30, 2011, Movant was referred to secondary at the United States Border Patrol San Clemente station checkpoint.  Approximately 3.01 pounds of methamphetamine was concealed in a compartment of his vehicle.  Movant was indicted for violation of 21 U.S.C. § 841(a)(1), Possession of Methamphetamine with Intent to

---

[1] All docket numbers refer to the criminal docket, 11-CR-4057-BEN.

1

Distribute.  (Docket No. 1.)  Movant pled guilty to the Indictment pursuant to a plea agreement.  (Plea Agreement [Docket No. 18].)  He entered his guilty plea at a change-of-plea hearing on December 1, 2011.  (Change-of-Plea Hearing [Docket No. 46].)  On June 18, 2012, this Court sentenced Movant to the mandatory minimum sentence, 120 months.  (Sentencing Hearing [Docket No. 47] at 8:13-18.)  Judgment was entered on July 31, 2012.  (Docket No. 41.)  Movant did not appeal.

Movant's § 2255 Motion was filed on November 1, 2013.  (Docket No. 42.)  The Court ordered the Government to file a response and provided a deadline for Movant to file an optional traverse.  (Docket No. 43.)  After the Government filed its Response in opposition as ordered by the Court, Movant filed a Notice of Appeal with the Ninth Circuit Court of Appeals.  (Docket No. 51.)  The Appeal was later denied for lack of jurisdiction because this Court had not yet issued a ruling on the Motion.  (Docket Nos. 55-56.)  The Court set a new deadline for Movant to file a traverse.  (Docket No. 57.)  No traverse has been filed.

## DISCUSSION

Movant seeks relief based on: (1) ineffective assistance of counsel because Movant was not served with his own copy of certain documents; (2) enhancement of his sentence based on prior convictions; and (3) that he did not voluntarily and knowingly accept the Plea Agreement.

A district court may "vacate, set aside or correct" a sentence of a federal prisoner that "was imposed in violation of the Constitution or a law of the United States."  28 U.S.C. § 2255(a).  If it is clear the movant has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

///

///

The Court finds Movant knowingly and voluntarily waived the right to assert any collateral attack except a claim for ineffective assistance of counsel and his ineffective assistance of counsel claim fails on the merits.

## I.   Waiver

The Ninth Circuit has upheld the validity of waivers of the right to collaterally attack a conviction or sentence pursuant to § 2255. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993), *cert. denied*, 508 U.S. 979 (1993). "[W]aivers in plea bargaining are 'an important component of this country's criminal justice system.'" *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 71 (1977)). "[P]ublic policy [also] strongly supports plea agreements" because plea bargains save the government time and money and provide finality. *Id.* at 321-22 (upholding waiver of right to appeal). A waiver of the right to collateral attack will be upheld where it was "knowing and voluntary." *Abarca*, 985 F.2d at 1014.

Under the Plea Agreement, Movant waived his right to appeal or to collaterally attack his sentence. (Plea Agreement at 9.) A review of the record also makes clear that his waiver was knowing and voluntary.

### A.   Collateral Attack Specifically Waived

In the Plea Agreement, Movant agreed to waive his right to collateral attack, as reflected in the paragraph entitled "DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK." (Plea Agreement at 9.) It states:

> DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK
> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and any lawful restitution order, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel. The defendant also waives, to the full extent of the law, any right to appeal or to collaterally attack his sentence, except a post-conviction collateral attack based on a claim of

13CV2652 / 11CR4057

ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing. If the custodial sentence is greater than the high end of that range, defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord with this plea agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

Other than through a claim for ineffective assistance of counsel, Movant could only collaterally attack his sentence if the Court imposed a sentence above the high-end of the guideline range.  This was certainly not the case.  Movant's guideline range was 135-168 months and the Court sentenced him to 120 months.[2]  As the Plea Agreement notes, Movant's guideline range was not known when he signed his Plea Agreement, however, the sentence he received was the *lowest* possible sentence identified in the Plea Agreement, the 120-month mandatory minimum.  (Plea Agreement at 3.[3])  This sentence was also noted at his change-of-plea hearing.   Movant was specifically advised that he was facing "a maximum of life in prison and *a mandatory minimum term of ten years*." (Change of Plea Hearing 5:24-6:3 (emphasis added).)  Movant does not have the right to collaterally attack his sentence under the terms of the Plea Agreement because his sentence was not "above the high end of the guideline range recommended by the Government."  (Plea Agreement at 9.)

///

///

---

[2] The Court's initial tentative sentence at the sentencing hearing was 135 months.  (Sentencing Hearing 3:22-4:20.)  However, the Court ultimately sentenced him below the guideline range. (*Id.* 8:13-18.)

[3] The PENALTIES section explicitly states, "Defendant understands that the crime to which defendant is pleading guilty carries the following penalties: A. *a mandatory minimum 10 years* to a maximum of life in prison."

4

### B.     Waiver was Knowing and Voluntary

#### 1.     Non-English Speaker

To the extent Movant is arguing that he did not understand the Plea Agreement or the proceedings sufficiently to knowingly and voluntarily waive his rights because he is not an English speaker, the argument has no merit.  Movant's Plea Agreement was translated for him.  This is evident from the signature of the interpreter on the final page of the Plea Agreement and Movant's initials on every page of the Plea Agreement.  Additionally, the change-of-plea and sentencing hearings were also translated.

#### 2.     Plea Agreement

The Plea Agreement indicates that Movant knowingly and voluntarily waived his right to appeal and collaterally attack his sentence.  Movant was advised of the sentence he ultimately received, as the absolute minimum, in the Plea Agreement that was translated for him and that he initialed on every page and signed.

The Plea Agreement evidences that: (a) Movant had a full opportunity to discuss all the facts and circumstances of the case with counsel and had a clear understanding of the charges and consequences of the plea; (b) no one had made any promises or offered any rewards for pleading guilty except for those in the agreement or disclosed to the court; (c) that no one threatened Movant or his family; and that (d) Movant was pleading guilty only because he was guilty. (Plea Agreement at 4-5.).

It appears Movant may be arguing that he did not knowingly and voluntarily waive his rights because he received a higher than expected sentence.  The record is to the contrary.  Movant acknowledged that the offense he was pleading guilty to carried a mandatory minimum penalty of 10 years in custody and had a maximum penalty of life in prison.  (Plea Agreement at 3.)  Movant also certified that he had read the Plea Agreement or had it read to him in his native language, had discussed the terms with defense counsel, and fully understood its meaning and effect. (Plea Agreement at 12).  He also assented that he had consulted with counsel and was satisfied with counsel's

5

13CV2652 / 11CR4057

representation. (*Id.*).  As noted above, Movant initialed every page and signed the Plea Agreement just above the translator's signature.  (Plea Agreement at 12).

### 3.  Change-of-Plea Hearing

The change-of-plea hearing also evidences Movant's waiver was knowing and voluntary.  During the change-of-plea hearing, Movant acknowledged he was waiving his right to appeal or collaterally attack his sentence and was advised two different times that he was facing a mandatory-minimum ten year sentence.

To the extent Movant is claiming he did not understand he was facing a mandatory-minimum ten year sentence, again, the record is to the contrary.  Judge Brooks specifically advised Movant of the minimum sentence.  He stated, "Mr. Garnica, you face a maximum of life in prison and a *mandatory-minimum term of ten years*." (Change-of-Plea Hearing [Docket No. 46] 6:2-3 (emphasis added).)  Later, Movant was again advised, "Mr. Garnica . . . , based on the type and amount of drugs involved in your case, federal law imposes a *mandatory-minimum sentence, which is ten years* for Mr. Garnica."  (*Id.* at 8:2-5 (emphasis added).)

Movant's waiver of his rights was also specifically addressed.  After noting the waiver in the Plea Agreement, Judge Brooks questioned Mr. Garnica about his waiver of his right to appeal and collaterally attack his conviction and sentence to ensure he understood:

> THE COURT: Am I correct that you're… willing to give up your right to appeal and collaterally attack your conviction and sentence except as outlined in the written plea agreement?
> THE DEFENDANT: Yes.

(Change-of Plea Hearing at 9:16-21.)  Movant also indicated at the hearing that he had talked to his Counsel about the Plea Agreement, that it had been translated for him, and that he had an opportunity to read the entire Plea Agreement before he signed it.  (*Id.*) Judge Brooks also confirmed that Movant did not have any questions about the Plea

1   Agreement and verified that he still wanted to plead guilty.  (*Id*. at 10:6-25.)  Judge

2   Brooks confirmed it with him two times.  (*Id*.)

3                    **4.    Sentencing Hearing**

4              Movant also waived his right to collateral attack his sentence during his sentencing

5   hearing before this Court.  During the sentencing hearing, this Court determined that

6   Movant's offense had a guideline range of 135-168 months.  (Sentencing Hearing at 9:3-

7   10.)  The Court's tentative sentence was 135 months, however, after hearing from

8   Movant's Counsel, the Court departed below the guideline range to the minimum

9   mandatory of 120 months.  (*Id.*at 3:13-4:20; 8:3-18.)  Before announcing that departure,

10  the Court gave Movant an opportunity to address the Court.  (*Id.* at 7:14-16.)  When

11  asked if he would like to say anything, he said "Nothing for right now.  I think 120 is a

12  long time, but whatever you wish to impose on me."  (*Id.* at 17-18.)  It is clear from this

13  exchange the Movant was very clear that he was facing at least 120-month sentence.  If

14  Movant had somehow been misled or misunderstood the possibility of receiving a

15  minimum mandatory sentence of 120 months before the sentencing hearing, by the time

16  he addresses the Court, he knows he is not only facing a 120-month minimum mandatory

17  sentence, but a higher sentence, including at least the 135-month tentative sentence the

18  Court announced at the beginning of the hearing.  Nevertheless, he does not object except

19  to say that 120 months is a long time.  His response does not indicate surprise or

20  misunderstanding.

21             After announcing the departure below the guideline range, the Court further

22  questioned Movant and his counsel about Movant's waiver of his right to appeal and

23  collaterally attack his conviction and sentenc*e*.  Again, he confirms his waiver without

24  objection.

25             THE COURT: Mr. Rees, do you acknowledge that he's
           waived his right to appeal and collaterally attack?
26

27             MR. REES: He has, your honor.

THE COURT: *Mr. Garnica… do you acknowledge that in your plea agreement, you agreed to waive your right to appeal and to file a collateral attack?*
DEFENDANT: *Yes.*
(*Id.* at 11:5-14) (emphasis added).)

After a careful review of the written Plea Agreement, the change-of-plea hearing, the sentencing hearing, and the entire record in this matter, this Court finds that Movant's waiver of collateral attack was knowing and voluntary.  Any claim, other than for ineffective assistance of counsel, has been waived.  Movant "waived his right for the purpose of obtaining certain concessions from the Government and he may not now ignore his part of the bargain."  *Navarro-Botello*, 912 F.2d at 322.

## II.   Ineffective Assistance of Counsel

Movant's claim regarding ineffective assistance of counsel fails on the merits.  A movant asserting an ineffective assistance of counsel claim must demonstrate that (1) defense counsel's performance was deficient; and (2) this deficient performance prejudiced the petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 690-92 (1994).  Because of the difficulties inherent in evaluating the performance of counsel after the fact, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id.* at 689.  To demonstrate prejudice, a defendant must show that there is a "reasonable probability" that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Id.*  The Court need only address the second prong to deny Movant's Motion.  *Id.* at 697 ("If it is easier to dispose of an ineffective claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.")  Movant has not alleged any prejudice.

Movant contends that his counsel was ineffective because he did not provide him with his own written copies of a number of documents, including the U.S. Sentencing

8

Guidelines, the Pre-sentence Report, the Indictment, and the Plea Agreement.  For example, Movant argues his counsel was deficient because he was not informed of the "critical elements of the offense prior to accepting a guilty plea" and counsel "failed to inform his client (in writing) [of] the nature of the charges along with the consequences [of] accepting a plea agreement (in writing)."  (Motion at ECF 11.)[4]  However, Movant does not explain how not having his own personal copies of these documents prejudiced his defense.  The record clearly reflects that he knew what was in his Plea Agreement, including a section with the elements of the offense charged in the Indictment,[5] and that he knew the consequences of pleading guilty.  As explained in detail above, he signed a Plea Agreement identifying a minimum ten year sentence and the same was explained to him at the change-of-plea hearing.  Not only has he not alleged what prejudice he suffered, the record reflects that he was informed at every step of the benefits and consequences of pleading guilty and his counsel obtained a below guideline range sentence for him.  Movant's ineffective assistance of counsel claim fails.

## III.  Evidentiary Hearing

Given the foregoing discussion, this Court finds that Movant cannot succeed on his claims and holding an evidentiary hearing or seeking additional briefing would serve no purpose.  *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995) ("[B]ald assertions of ineffective assistance [do] not entitle him to an evidentiary hearing.").

///

///

---

[4] Movant does not assert that his counsel failed to explain the nature of the charges or evidence against him.  He does not assert that he did not understand the Plea Agreement he signed or allege that he was misled about the benefits or consequences of pleading guilty or even pressured into pleading guilty.  And, the record reflects the opposite.  (Gov't Response, Ex. A.)

[5] The elements of the offense are on the second page of the Plea Agreement.  Additionally, at the change-of-plea hearing, each of the elements of the offense were explained to Movant and he indicated that he understood that by pleading guilty he was admitting these elements.  (Change of Plea Hearing 5:8-23.)

9

13CV2652 / 11CR4057

## CONCLUSION

In accordance with the conclusions set forth above, Movant's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED.**

A court may issue a certificate of appealability where the Movant has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003).  This Court finds that Movant has not made the necessary showing.  A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated:  October 22, 2015

Hon. Roger T. Benitez
United States District Judge

13CV2652 / 11CR4057